UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  
DENNIS MICHAEL SCACCIA

CIVIL ACTION

NO: 22-1287  
Bankruptcy Case 19-13024

SECTION: "A"(3)

## ORDER AND REASONS

Before the Court is the following motion: **Motion to Dismiss Appeal (Rec. Doc. 3)** filed by Appellee Florida Moon, LLC ("Florida Moon"). Appellant Sandler Michaud, LLC ("Sandler Michaud") opposes the motion (Rec. Doc. 7) and Appellee Florida Moon replied (Rec. Doc. 10). The motion, submitted for consideration on August 3, 2022, is before the Court on the briefs without oral argument. For the following reasons, the motion is DENIED.

**I.    BACKGROUND**

On April 25, 2022, United States Bankruptcy Judge Meredith S. Grabill issued a Memorandum Opinion and Order granting in part and denying in part Florida Moon's Motion to Dismiss Chapter 13 Case with Prejudice and for Sanctions in Bankruptcy Case No. 19-13024 ("the Order"). (Bankruptcy ECF Doc. 79; Rec. Doc. 1-1). Specifically, Judge Grabill ordered that Debtor Michael Scaccia's Chapter 13 case be dismissed without prejudice and that monetary sanctions be assessed against the law firm of Sandler Michaud, LLC and in favor of Florida Moon, LLC, in the amount of $18,844.85. (*Id.*). On May 9, 2022, Sandler Michaud filed a Notice of Appeal of the Bankruptcy Court's Order

#79. (Rec. Doc. 1-2). The appeal was docketed with this Court on May 11, 2022. (Rec. Doc. 1).

On July 11, 2022, Appellee Florida Moon filed the instant Motion to Dismiss (Rec. Doc. 3), requesting the Court to dismiss the appeal on the grounds that Appellant has failed to timely file its designation of items to be included in the record on appeal and a statement of issues to be presented on appeal, as required by Federal Rule of Bankruptcy Procedure 8009. (*Id.* at p. 1). According to Appellee, Appellant's designation and statement were due on or before May 23, 2022, 14 days after Appellant filed its Notice of Appeal, yet no designation or statement has been filed. (Rec. Doc. 3-1 at pp. 4–5).

Appellant Sandler Michaud asks the Court to deny the motion, arguing that counsel for Appellant believed that he complied with the procedural rules by filing the Notice of Appeal and by designating the order being appealed in the statement of election within the notice. (Rec. Doc. 7 at p. 2). Appellant further claims that refusing to allow the appeal to proceed would cause a grave injustice to the appealing party. (*Id.*). Appellant requests the Court for additional time to file its designation into the record. (*Id.* at p. 3).

In reply, Appellee Florida Moon asserts that, in addition to the designation of items and statement of issues to be presented on appeal, Appellant has also failed to file and serve its brief within the deadline set out by the Federal Rules of Bankruptcy Procedure. (Rec. Doc. 10). Appellee claims that Appellant's filing of the Notice of Appeal was a delay tactic to avoid timely compliance with the Bankruptcy Court's imposed sanctions and that Appellee is prejudiced by the incurrence of additional attorney's fees and expenses as a result of such tactics. (*Id.* at pp. 6–8)

The Court considers the motion below.

## II. LEGAL STANDARD

According to Rule 8009 of the Federal Rules of Bankruptcy Procedure,

> The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. The appellant must file and serve the designation and statement within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002 . . . .

Fed. R. Bankr. P. 8009(a)(1)(A)–(B)(i). Rule 8002 provides the time limitations for filing an appeal: "[e]xcept as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).

"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground (sic) only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). As evidenced by this rule, it is only the failure to file a timely notice of appeal that deprives the district court of jurisdiction and mandates dismissal. *See Mehta v. Shah (In re Shah),* 96 F. App'x 943, 944 (5th Cir. 2004)*; Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000). In contrast, a dismissal for failure to follow other procedural rules, including Rule 8009, has been characterized as "a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion." *In re CPDC, Inc.*, 221 F.3d at 699; *see Kollinger v. Hoyle (In re Kollinger)*, 551 F. App'x 104, 106 (5th Cir. 2013); *In re Acad. Drive Dev., LLC*, No. CV 21-1710, 2021 WL 5881891, at *1 (E.D. La. Dec. 13, 2021). In considering dismissal as an appropriate sanction, a court should take into account

>that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases; and that the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate.

*In re CPDC, Inc.*, 221 F.3d at 699–700.

### III. DISCUSSION

In the instant case, Appellant's Notice of Appeal became effective on May 9, 2022, when it was timely filed in accordance with Rule 8002, i.e., within 14 days of the entry of the Bankruptcy Court's Order. Accordingly, pursuant to Rule 8009, Appellant's designation of items for inclusion in the record on appeal and statement of issues to be presented were due within 14 days thereafter, on or before May 23, 2022. Appellant's failure to timely comply with Rule 8009 is evident from the record. A July 8, 2022, letter from the Deputy Clerk for the United States Bankruptcy Court confirms that a designation of items to be included in the record on appeal was not filed by the May 23, 2022, deadline. (Rec. Doc. 4). And, to date, Appellant has still not filed its designation of items or statement of issues to be presented.

These procedural violations, however, do not result in an automatic dismissal of the appeal. As stated above, when an appellant fails to take any step under the Federal Rules of Bankruptcy Procedure other than the timely filing of a notice of appeal, the Court has the discretion to take whatever action it considers appropriate including dismissing the appeal. Fed. R. Bankr. P. 8003(a)(2). Appellant argues that counsel for Appellant does not as a matter of regular practice appeal these matters and that, therefore, counsel believed the Notice of Appeal to be sufficient. (Rec. Doc. 7 at p. 2). Counsel for Appellant

allegedly was unaware that additional filings were required and requests the Court for additional time to file the required items into the record of this matter. (*Id.* at pp. 2–3). Although ignorance of the law is not a valid excuse, the Court does not find dismissal to be an appropriate remedy at this stage in the proceedings.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Appeal (Rec. Doc. 3)**, filed by Appellee Florida Moon, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant Sandler Michaud, LLC shall file and serve its designation of the items to be included in the record on appeal and its statement of the issues to be presented on appeal no later than ten (10) days from the date of this Order.

**IT IS FURTHER ORDERED** that Appellant Sandler Michaud, LLC shall comply with any other applicable provisions of Federal Rule of Bankruptcy Procedure 8009 no later than ten (10) days from the date of this Order.

Appellant is warned that its failure to comply with the deadlines set forth in this Order is grounds for the Court to dismiss the appeal.

August 31, 2022

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JAY C. ZAINEY
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE