UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: DENNIS MICHAEL SCACCIA | * | **CIVIL ACTION** |
| | * | **NO: 22-1287 "A"** |
| DEBTOR | * | |
| _____ | * | Bankruptcy Case 19-13024 |
| | * | |
| SANDLER MICHAUD, L.L.C. | * | |
| | * | |
| APPELLANT | * | |
| | * | |
| VERSUS | * | |
| | * | |
| FLORIDA MOON, INC. | * | |
| | * | |
| APPELLEE | * | |
| _____ | * | |

**ORDER AND REASONS**

Before the Court is Appellant Sandler Michaud's ("Michaud") appeal from an April

25, 2022 order by the United States Bankruptcy Court issuing sanctions against Sandler

Michaud, LLC in a Chapter 13 bankruptcy proceeding (Rec. Doc. 24). Also before the

Court is Appellee Florida Moon, LLC's ("Florida Moon") Motion for Damages/Sanctions

asserting that Michaud filed a frivolous bankruptcy appeal. (Rec. Doc. 27-1). The Court

has considered the briefs filed by the parties, the record, and the applicable law. For the

reasons that follow, the Bankruptcy Court's April 25, 2022 Order is AFFIRMED and

Appellee's Motion for Damages/Sanctions is DENIED.

I.      **Background**

On April 25, 2022, United States Bankruptcy Judge Meredith S. Grabill issued a

Memorandum Opinion and Order granting in part and denying in part Florida Moon's

Motion to Dismiss Chapter 13 Case with Prejudice and for Sanctions in Bankruptcy Case

No. 19-13024 ("the Order"). (Bankruptcy ECF Doc. 79; Rec. Doc. 1-1). Specifically, Judge

Grabill ordered that Debtor Michael Scaccia's Chapter 13 case be dismissed without

prejudice and that monetary sanctions be assessed against the law firm of Sandler

Michaud, LLC and in favor of Florida Moon, LLC, in the amount of $18,844.85. (Rec. Doc.

1-1 at p. 16). On May 9, 2022, Sandler Michaud filed a Notice of Appeal of the Bankruptcy

Court's Order #79. (Rec. Doc. 1). The appeal was docketed with this Court on May 11,

2022. (*Id.*).

On July 11, 2022, Appellee Florida Moon filed a Motion to Dismiss (Rec. Doc. 3),

requesting the Court to dismiss the appeal on the grounds that Appellant failed to timely

file its designation of items to be included in the record on appeal and a statement of

issues to be presented on appeal, as required by Federal Rule of Bankruptcy Procedure

8009. (*Id.* at p. 1). According to Appellee, Appellant's designation and statement were

due on or before May 23, 2022, 14 days after Appellant filed its Notice of Appeal, yet no

designation or statement had been filed. (Rec. Doc. 3-1 at pp. 4–5). In August 2022, the

Court denied Appellee's Motion to Dismiss Appeal, noting that when an appellant fails to

take any step under the Federal Rules of Bankruptcy Procedure other than the timely

filing of a notice of appeal, the Court has the discretion to take whatever action it considers

appropriate. ((Rec. Doc. 11 at p. 4) (citing FED. R. BANKR. P. 8003(a)(2))).[1]

On January 4, 2023, Michaud filed its Appellant Brief, which addressed the issues

---

[1] The Court warned Appellant, however, that failure to comply with future deadlines set forth in the August 31, 2022 order would constitute grounds for the Court to dismiss the appeal.

of (1) the sanctions imposed by the bankruptcy court and (2) whether or not the Chapter 13 bankruptcy was a bad faith filing. (Rec. Doc. 24 at p. 1). Florida Moon subsequently filed its Brief of Appellee and Motion for Damages/Sanctions. (Rec. Docs. 26, 27).

The Court considers the briefs and Appellee's Motion below.

## II.     Legal Standard

The district court has jurisdiction over bankruptcy appeals pursuant to 28 U.S.C. § 158(a). An appeal from a bankruptcy court to a district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." *Id.* § 158(c)(2). The district court reviews the bankruptcy court's conclusions of law and of mixed law and fact *de novo*, and reviews the bankruptcy court's findings of fact for clear error. *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011). A bankruptcy court's findings of fact may only be reversed "upon a definite and firm conviction that the bankruptcy court erred . . . ." *Id.* (quoting *Tummel & Carroll v. Quinlivan (In re Quinlivan)*, 434 F.3d 314, 318 (5th Cir. 2005)). The imposition of sanctions is reviewed for an abuse of discretion. *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 814 (5th Cir. 2017) (per curiam). A bankruptcy court abuses its discretion when "its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008)).

## III.    Discussion

Appellant's brief contains two "assignments of errors for appeal."[2] (Rec. Doc. 24,

---

[2] The Court notes that Appellant's brief does not comply with the content requirements prescribed by Federal Rule of Bankruptcy Procedure 8014(a).

at p. 8, 11). Appellant first argues that, "when considering dismissal of a bankruptcy case and whether sanctions should be imposed, lack of good faith, pursuant to Section 1307 of the Bankruptcy Code must be considered." (*Id.* at p. 8). Appellant next argues that "Sanctions should not be awarded when there is no showing of actual bad faith, and Florida Moon should not be granted additional sanctions for choosing to pursue this matter for months after it completed foreclosure." (*Id.* at p. 11).

Regarding the first issue, the Court finds that the bankruptcy court did not commit clear error when it determined that the Chapter 13 Petition was filed in the absence of good faith and that dismissal under 11 U.S.C. § 1307(c) was both appropriate and in the best interests of creditors and the estate. Section 1307(c) permits a bankruptcy court to dismiss a case for cause when certain nonexclusive circumstances exist. The bankruptcy court cited three provisions listed in Section 1307(c) which are directly applicable to the facts of the instant case.[3] In addition to the provisions contained within Section 1307(c), the court emphasized that "lack of good faith can also constitute 'cause' to dismiss or convert a Chapter 13 petition," and the court considered various factors relevant to "whether a debtor lacks the requisite good faith in filing a petition for bankruptcy relief."[4]

---

[3] (*See* Rec. Doc. 1-1, at p. 8-9) (listing the relevant provisions from 11 U.S.C. § 1307(c)).

> Although the Bankruptcy Code does not define "cause," [Section 1307(c)] defines "cause" to include the following:
>
> > (1)  unreasonable delay by the debtor that is prejudicial to creditors; . . .
> > (3)  failure to file a plan timely under section 1321 of this title; [and]
> > (4)  failure to commence making timely payments under section 1326 of this title .
> >      . . .

[4] (Rec. Doc. 1-1, at p. 9) (citing *In re Parson*, 632 B.R. 613, 626 (Bankr. N.D. Tex. 2021) (quoting *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999))).

> (1) whether the debtor misrepresented facts in her petition or plan, unfairly manipulated

In support of its finding that Appellant filed the petition in the absence of good faith, the bankruptcy court emphasized that (1) Appellant "includ[ed] the name of the corporate owner of the Debtor's House in the listing of the Debtor's address" knowing that the debtor did not own the house *and* that it would stop the foreclosure sale of the house; and (2) "as soon as she filed the Petition, [Appellant] called and sent an e-mail to the parish sheriff's office, attaching the *Notice of Bankruptcy Case Filing*, to stop the foreclosure sale of the House scheduled for that day." (Rec. Doc. 1-1 at p. 10). Acknowledging that a bankruptcy court's findings of fact may only be reversed "upon a definite and firm conviction that the bankruptcy court erred," the Court finds that the bankruptcy court did not commit clear error when it determined that the Chapter 13 Petition was filed in the absence of good faith. *In re Quinlivan*, 434 F.3d at 318.

Regarding the second issue – whether the bankruptcy court abused its discretion in imposing sanctions – the Court recognizes that "the threshold for the use of inherent power sanctions is high." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."). To support an award of sanctions under the inherent power of a bankruptcy court, there must be a specific finding that the sanctioned party acted in bad faith. *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 304 (5th Cir. 2009). In *Chambers v. NASCO, Inc.*, the Supreme Court noted

---

the Bankruptcy Code, or otherwise filed the Chapter 13 petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether other egregious behavior is present.

that sanctions may be assessed where a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." 501 U.S. at 46 (footnote omitted) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)).

In the instant case, the bankruptcy court "specifically found that the Debtor and his counsel . . . misrepresented facts in the Petition and unfairly manipulated the Bankruptcy Code to unreasonably delay Florida Moon in the exercise of its state law rights to enforce the obligation owed to it by Scaccia Enterprises." (Rec. Doc. 1-1 at p. 13). The Court agrees and notes that, in its brief, Appellant admitted that it "erred in listing the LLC," subsequently framed the action as a "calculated risk," and ultimately justified it as "advocacy." (Rec. Doc. 24 at p. 4, 10). Taking the high threshold for the use of inherent power sanctions into account, the Court finds that the bankruptcy court did not abuse its discretion in imposing sanctions against Michaud.

Finally, the Court has reviewed Appellee's February 23, 2023 Motion for Damages/Sanctions. Having considered the applicable law, the Court declines to impose additional sanctions on Appellant.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the United States Bankruptcy Court's April 25, 2022 Order (Bankruptcy ECF Doc. 79; Rec. Doc. 1-1) issuing sanctions against Sandler Michaud, LLC in a Chapter 13 bankruptcy proceeding is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Appellee's February 23, 2023 Motion for Damages/Sanctions is **DENIED**.

March 24, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE